THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICO ADAMS, Defendant-Appellant.

First District (1st Division)   No. 86—2239

Opinion filed December 7, 1987.

Robert B. Rosen, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Lynda A. Peters, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order denying defendant Rico Adams' petition for post-conviction relief. The issues raised on appeal are: (1) whether the 20-year disparity between sentences imposed on defendant and his codefendant violated defendant's constitutional right to due process of law; (2) whether appellate counsel acted incompetently in failing to raise the issue of disparity of sentence on review; (3) whether the court below erred in dismissing the petition without an evidentiary hearing; and (4) whether the trial court erred in ruling that in deciding the issue of excessiveness, the appellate court had also decided the issue of disparity of sentence. We affirm.

Following a jury trial, defendant Adams was found guilty of burglary, armed robbery and armed violence. Defendant was sentenced to an extended term of 14 years for burglary and 35 years for armed robbery, and his codefendant, Fred Johnson, was sentenced to 15 years for armed robbery and an extended term of 10 years for burglary.

The facts giving rise to this appeal are as follows: Prior to trial, defendant Adams made a *pro se* motion to discharge his attorney and represent himself before the court. After conducting a hearing, the trial court denied the motion. Adams responded to the denial by accusing the trial court of prejudice and directing certain profanities and insults at the court. Defendant was admonished and the trial went forward with defendant represented by counsel. Both defendants were convicted and the convictions and sentences were upheld on direct appeal. (*People v. Adams* (1982), 106 Ill. App. 3d 467, 435 N.E. 2d 1203, *appeal denied* (1982), 91 Ill. 2d 572.) This court specifically held that the sentences imposed upon each defendant were not excessive. 106 Ill. App. 3d at 476.

Defendant Adams then filed a post-conviction petition alleging that his sentence was grossly disparate from that of his codefendant and thus a violation of his right to due process and equal protection. He alleged that his sentence was based not on any substantial difference in the prior criminal records of the codefendants or on commensurately greater participation in the offenses but on the personal prejudice of the sentencing judge. He also alleged that the failure of his appellate counsel to raise the disparity issue on appeal constituted incompetence and therefore the doctrine of waiver was not applicable.

Accompanying the petition was an affidavit from his trial counsel averring that the trial court's attitude toward defendant Adams was demeaning and that in his opinion, the court's prejudice against Adams led to the imposition of disparate sentences. The State's motion to dismiss defendant's petition was granted without an evidentiary hearing and defendant now appeals.

■■■ Defendant first contends that the issue of disparity of sentence is of constitutional significance; therefore, the failure to raise the issue on direct appeal does not constitute a waiver.

While disparity of sentence is cognizable under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1), one who seeks relief through such proceedings must allege facts, which, if proven, indicate that his constitutional rights were violated in that regard. The mere disparity of sentences does not, in and of itself, require attention by a reviewing court. (*People v. Horton* (1977), 47 Ill. App. 3d 915, 918-19, 365 N.E.2d 477, *appeal denied* (1977), 66 Ill. 2d 633; *People v. Hoffman* (1974), 25 Ill. App. 3d 251, 270, 322 N.E.2d 865.) Where it is warranted by differences in the nature and extent of participation of the defendants in the offense, a disparate sentence will not be disturbed on appeal. (*People v. Godinez* (1982), 91 Ill. 2d 47, 55, 434 N.E.2d 1121; *People v. Martin* (1980), 81 Ill. App. 3d 239, 245, 401 N.E.2d 13.) After reviewing the record here, we believe that the post-conviction petition was properly dismissed, as the difference between the severity of the sentences imposed on the defendants is supported by factors evidenced in the record.

The record shows that in February of 1978, defendant Adams pleaded guilty to an offense listed as murder and reduced to armed robbery. He was sentenced to seven years' imprisonment but released in March of 1978. Within eight months of that conviction, he committed the offense at issue here. There was testimony at both the trial and the post-conviction hearing as to the high degree of violence exhibited by Adams during the instant robbery. Defendant repeatedly threatened the lives of his victims, asking them if they had "ever seen anybody get their brains blown out." He further threatened them by warning them that he had "done it before" and that he did not "mind killing no nigger." One of the victims, who was eight months pregnant, was told by defendant Adams that he did not like pregnant women and she had better do what he said. Defendant also struck one of his victims with a pistol and threatened to kill anyone who "made a mistake." These actions suggest that he is a greater danger to society than is his codefendant and, as the trial court found, that Adams had a substantially lower rehabilitative potential.

Although Johnson also used a gun to take property from the victims, he did not exhibit the extremely violent and threatening behavior exhibited by defendant Adams. Johnson's prior criminal record was also less serious. He had previously received probation for a battery conviction and a one-year prison sentence for robbery. It is also significant that defendant Adams' extended-term sentence was within the statutory limitations and that the trial court indicated that the sentence took into account what it considered to be exceptionally brutal behavior. See Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2.

Defendant cites *People v. Bares* (1981), 97 Ill. App. 3d 728, 423 N.E.2d 538, in which the court found that principles of fundamental fairness required that the disparity between codefendants' sentences be adjusted. In *Bares*, the defendant had been sentenced to 26 years for armed robbery while his codefendant received a six-year term for the same offense. On appeal, the defendant acknowledged that he had played a more dominant role in the offense and that he had a more serious criminal record. In reducing the defendant's sentence to 18 years, the appellate court pointed out that both defendants had carried guns; both had contact with the victims of the armed robbery; and both had shared in the proceeds. The court's reduction of the sentence was based on its determination that because the defendants were similarly situated, fundamental fairness required that they not be given grossly disparate sentence. *People v. Bares* (1981), 97 Ill. App. 3d 728, 738, 423 N.E.2d 538.

Although defendant compares the 20-year disparity in *Bares* with the 20-year disparity in defendant Adams' sentence, in actuality the disparity in *Bares* was far greater than that in the instant case. In *Bares*, the defendant contesting his sentence on grounds of disparity had originally received a sentence over four times that of his codefendant. Upon reduction, it was still three times as great as that of his codefendant. Here, defendant Adams received a sentence somewhat more than twice that of codefendant Johnson. This sentence was properly based, at least in part, on his prior armed robbery conviction and on his physical and verbal abuse of the victims; thus *Bares* does not require a reduction in the sentence at issue here.

Defendant's second contention is that appellate counsel, who represented both defendants on direct appeal, acted incompetently in failing to raise the issue of disparity of sentence. We will address the issue of competency of appellate counsel because we conclude that it was neither waived nor barred by *res judicata*. See *People v. Edmonds* (1979), 79 Ill. App. 3d 33, 398 N.E.2d 230, *appeal denied* (1980), 79 Ill. 2d 627.

Appellate counsel is not obligated to brief every conceivable issue on appeal and it is not incompetence to refrain from raising an issue he believes to be without merit unless his appraisal of the merits is clearly wrong. (*People v. Frank* (1971), 48 Ill. 2d 500, 505, 272 N.E.2d 25.) In order to support a claim of incompetency of appellate counsel in a post-conviction proceeding, the defendant must establish substantial prejudice to defendant which likely affected the outcome of his case. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 642, 478 N.E.2d 31, *appeal denied* (1985), 108 Ill. 2d 579; *People v. Johnson* (1978), 63 Ill. App. 3d 745, 749, 380 N.E.2d 531.) In the case at bar there is no indication that appellate counsel acted incompetently in failing to raise the issue of disparity. The reason for the disparity was reflected in the trial court's finding that Adams' treatment of the victim was far more brutal than that of his codefendant. Adams threatened to extort money from his victims, he specifically threatened to kill a pregnant woman, and he told all of his victims, while holding a gun on them, that he had killed before and "didn't mind" doing it again. The difference in the severity of the sentences was also based on defendant's more extensive and serious criminal record. Appellate counsel did raise the issue of excessiveness of both sentences on direct appeal and the sentences were carefully considered by this court. After reexamining the record, we believe that appellate counsel did not act incompetently in failing to raise the issue of disparity of sentence as there was no merit to the issue.

■ We disagree with defendant's contention that the denial of his post-conviction petition without an evidentiary hearing constituted error. The defendant is not entitled to a hearing on his petition as a matter of right. (*People v. Hawk* (1981), 93 Ill. App. 3d 175, 176, 416 N.E.2d 717.) He has the burden of showing a substantial denial of constitutional rights supported by the record, affidavits, or other evidence. (*People v. McGinnis* (1977), 51 Ill. App. 3d 273, 277, 366 N.E.2d 969.) Denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court and its decision will not be reversed absent an abuse of discretion. *People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 641, 478 N.E.2d 31, *appeal denied* (1985), 108 Ill. 2d 579.

■ Defendant relies on *People v. Williams* (1970), 47 Ill. 2d 1, 264 N.E.2d 697, in which the court held that an evidentiary hearing was required where a claimed deprivation of constitutional rights was based on assertions outside the record. In the case at bar, however, the affidavit of defendant's trial counsel alleging prejudice by the trial court does not sustain his burden so as to require an evidentiary hear-

ing. The affidavit alleged that the trial judge "appeared hostile to defendant from the outset," that he "unduly emphasized certain aspects of the trial testimony to the jury," that he treated defendant in a "demeaning manner," and that after defendant's outburst, the trial judge had him handcuffed in his chambers and read the "Allen Charge." (See *Illinois v. Allen* (1970), 397 U.S. 337, 350, 25 L. Ed. 2d 353, 363, 90 S. Ct. 1057, 1064.) All of these allegations can be considered with reference to the record, thus *Williams* is not controlling here. We have reviewed the record and find that it does not reflect the alleged bias against defendant Adams.

Defendant also contends that the court below erred in finding that in deciding the issue of excessiveness of the sentences, this court had impliedly decided the issue of disparity. He cites *People v. Owsley* (1978), 66 Ill. App. 3d 234, 383 N.E.2d 271, in support of his position that disparity and excessiveness are separate issues to be considered independently. Defendant's reliance on *Owsley* is misplaced. On direct appeal, the defendant in *Owsley* had raised the issue of the voluntariness of a guilty plea. Her post-conviction petition raised the issue of ineffective assistance of counsel as it related to her guilty plea. The *Owsley* court held that as the issue raised in the post-conviction hearing did not coincide with the issue raised on direct appeal, the doctrine of *res judicata* did not apply.

In the case at bar, the issue of excessiveness was raised by both defendants on direct appeal and all of the relevant factors underlying the sentences were considered. While we recognize that disparity and excessiveness are separate issues, the question of excessiveness raised by defendant on direct appeal sufficiently coincides with the issue of disparity raised in his post-conviction petition. Both are basic considerations in determining the propriety of a sentence.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County dismissing defendant's petition for post-conviction relief.

In addition, pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, and *People v. Agnew* (1985), 105 Ill. 2d 275, 473 N.E.2d 1319, we assess defendant $75 in costs for the State's defense of the instant appeal and hereby incorporate it as part of this judgment.

Judgment affirmed.

QUINLAN, P.J., and MANNING, J., concur.