THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RONALD R. WREN, Defendant-Appellant.

Fifth District   No. 5—90—0441

Opinion filed January 16, 1992.

Daniel M. Kirwan and Robert S. Burke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Philip B. Alfeld, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Ronald R. Wren, was indicted in Madison County cause No. 90—CF—150 for two counts of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2) and in cause No. 90—CF—203 for two

counts of aggravated unlawful restraint (Ill. Rev. Stat. 1989, ch. 38, par. 10—3.1). On April 9, 1990, defendant appeared with counsel, Madison County Assistant Public Defender William Mudge, and entered a negotiated plea of guilty to the two armed robbery counts. Pursuant to the terms of the plea negotiation, defendant was sentenced to two concurrent 15-year terms of imprisonment on the charges and cause No. 90—CF—203 was dismissed.

The record on appeal contains defendant's *pro se* motion to reduce sentence, dated April 25, 1990, defendant's *pro se* motion to withdraw guilty plea and vacate sentence, filed May 2, 1990, and his *pro se* petition for post-conviction relief and supporting affidavit, filed May 24, 1990. On May 3, 1990, Mudge, as counsel for defendant, filed a motion to withdraw plea of guilty and vacate judgment, asserting that "attorney for defendant is uncertain whether or not defendant wishes to pursue a motion to withdraw his guilty plea" and requesting that independent counsel be appointed "to represent defendant and ascertain defendant's position on this motion." On June 13, 1990, the circuit court entered an order appointing special defender Stephanie Robbins to represent defendant on "all pending matters" in a hearing set for July 11, 1990.

At the hearing, Madison County Assistant State's Attorney Robert Trone moved to dismiss defendant's post-conviction petition, asserting that defendant had not exhausted all other remedies. Robbins argued that defendant's petition was appropriate under section 122—1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1) and further stated:

> "[Defendant] has instructed me to withdraw his two motions to vacate his plea. He doesn't want to withdraw his plea. That is, he doesn't want to withdraw his plea, but he seems to feel that some post-conviction relief is appropriate because there was something of a constitutional nature that caused him to enter his plea in the first place. Now I have told him that Mr. Trone might well waive this thing, in which case we would probably go back to square one."

The following colloquy then occurred:

> "THE COURT: Wait a minute. He does not wish to withdraw his plea of guilty?
>
> ROBBINS: That's what he told me.
> * * *
> THE COURT: Hold it one minute. You do or do not want to withdraw your plea?

DEFENDANT: I do not wish to withdraw my plea. If I withdraw my plea, they can give me more time, and that is not the point I am trying to make. I am trying to get in comparison with four years, not receive more time.

* * *

Your Honor, April the 5th Mr. Mudge came to the County Jail. He told me, if you and [co-defendant] Felita [Palmer] don't take this [negotiated plea bargain of] 15 years, they are ready to go to trial April the 9th. That's the date I received the 15 years, April 9th. He came back on Friday. [']What's your decision?['] [I said, '] Alright, as long as Miss Palmer is getting 15, I will accept the 15.['] Alright now, it has been brought to my attention by me [sic] not speaking of on the 9th that I probably have waived some of these rights, but like I said, I didn't know she got four years until I was in the penitentiary.

* * *

TRONE: Your Honor, *** there was a big difference between the participation of these particular individuals in these events. There is not a disparity of sentencing taking into consideration this individual's prior criminal record; taking into consideration that he was a very active participant in the commission of this offense; that Felita Palmer was a person who never entered the particular premises. There was never a showing of any active participation on her part other than being outside the particular premises. So what I am saying is if this gentleman wants a new trial, I am ready and I will let him vacate his plea.

DEFENDANT: That is not what I am asking for."

After additional discussion and argument, the following occurred:

"THE COURT: In the *** Post-Conviction Petition, paragraph 9 states the Petitioner was coerced into pleading guilty ***. Wherefore, Petitioner prays *** that this honorable Court vacate the judgment and grant other further relief as deemed appropriate and just according to law. I am not sure if you're asking to withdraw your plea or what you're asking for.

* * *

ROBBINS: I think he's really asking for a cut on the sentence.

THE COURT: Are you asking to reduce your sentence?

DEFENDANT: Yes.

THE COURT: Because this other person did not receive the same sentence?

DEFENDANT: Yes, that's what I'm asking.

* * *

ROBBINS: I think [defendant's] position is that when normally the Court is confronted by this situation, it has to determine whether or not to vacate the plea. That's all the Court is ever asked to determine normally in these situations. [Defendant] doesn't appear to be saying he wants this Court to vacate his plea. He is saying he wants the Court to consider these factors as they pertain to the sentence he received and, therefore, to reduce his sentence in light of these various factors that he's brought out, including disparity of sentence and including his own criminal record, having only a conviction when he was prior to seventeen.

DEFENDANT: Right.

ROBBINS: I think that's his position. Am I understanding you correctly?

DEFENDANT: Yes. * * *

THE COURT: Why is Mr. Mudge's testimony needed in this?

* * *

ROBBINS: Well, [defendant] tells me he doesn't think it's needed in light of what he's asking for here. * * * And what we are asking is that the Court exercise its discretion in this matter by considering these factors that he's brought out in his petition to reduce the sentence here, not to vacate the plea or not to permit him to withdraw his plea.

TRONE: The State would object to any reduction of sentence in view of the prior record and in view of the severity of the particular offense.

* * *

THE COURT: Alright, the motion to reduce sentence or any of the matters prayed for in the papers filed by the Defendant is denied."

On appeal, defendant contends that it was error for the circuit court to dismiss his post-conviction petition without an evidentiary hearing where the petition stated sufficient allegations to establish a substantial showing of a constitutional violation. Defendant additionally contends that he did not receive effective assistance of post-conviction counsel where the record does not show compliance

with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) and where counsel failed to raise the issue of whether defendant had been denied credit for the original day he spent in custody on this matter.

■■ Before considering the merits of defendant's appeal, it is necessary to address the State's contention that defendant's post-conviction petition is not properly before this court. Under the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*), the only requirements to institute a proceeding are imprisonment in the penitentiary and filing within 10 years "after rendition of final judgment." (Ill. Rev. Stat. 1989, ch. 38, par. 122—1; see also *People v. Thomas* (1970), 45 Ill. 2d 68, 72-73, 256 N.E.2d 794, 797.) In the case at bar, defendant entered a negotiated plea of guilty and was sentenced on April 9, 1990, and filed his petition for post-conviction relief on May 24, 1990. Thus, where the final judgment in a criminal case is the sentence (see *People v. Allen* (1978), 71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284), defendant filed his petition after the rendition of final judgment in his case.

The State argues that the pendency of defendant's motion to reduce sentence and motions to withdraw guilty plea and vacate judgment rendered the sentencing order nonfinal and thus deprived the trial court of jurisdiction to hear defendant's post-conviction petition. However, the Act provides a separate remedy, the availability of which is not contingent upon exhaustion of any other remedy. (*People v. Howard* (1981), 94 Ill. App. 3d 797, 799, 419 N.E.2d 702, 704, quoting *People v. Rose* (1969), 43 Ill. 2d 273, 279, 253 N.E.2d 456, 460.) Therefore, regardless of the status of defendant's other motions, this court had the authority to entertain defendant's post-conviction petition. We may thus properly proceed to address defendant's contentions on appeal from the circuit court's dismissal of his petition.

Defendant's post-conviction petition alleged that he had been denied the effective assistance of trial counsel because said counsel: had a conflict of interest due to the representation of codefendant Felita Palmer by the public defender's office; had failed to investigate the criminal history of Palmer; had represented to defendant that he and Palmer would both receive 15-year sentences, when, in fact, Palmer received only a four-year sentence; had represented to defendant that the sanctions of the Habitual Criminal Act could be used against defendant when, in fact, defendant was not eligible for those enhanced sanctions; and had represented that defendant's only options were to accept the negotiated plea or to go to trial on April 9, 1990, when defendant could also have pled guilty without a

negotiated plea. To merit an evidentiary hearing under the Act, a petition must make a substantial showing of a constitutional violation. (*Howard,* 94 Ill. App. 3d at 800-01, 419 N.E.2d at 705; see also *People v. Dixon* (1987), 160 Ill. App. 3d 65, 67, 513 N.E.2d 134, 136.) "In assessing the sufficiency of the allegations, if the allegations and supporting documents were true and would establish a constitutional violation, the trial court must hold a hearing to determine the actual facts." *People v. Dillard* (1990), 204 Ill. App. 3d 7, 9, 561 N.E.2d 1219, 1220.

■ In the case at bar, the factual allegations contained in defendant's post-conviction petition and supporting affidavit, when taken as true, establish a violation of defendant's constitutional right to counsel which merited an evidentiary hearing. Defendant's petition alleged that he was "coerced" into pleading guilty as a result of the misrepresentations made by his counsel. In a similar case, *People v. Owsley* (1978), 66 Ill. App. 3d 234, 383 N.E.2d 271, the reviewing court held that the trial court erred in dismissing defendant's post-conviction petition without a hearing where it contained an allegation that her trial counsel, in conferring with her on guilty plea negotiations, had made misrepresentations which, if they misled her, rendered her guilty plea involuntary and unknowing.

In *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307, our supreme court affirmed the judgment of the appellate court which set aside the defendant's guilty pleas based upon his post-conviction petition alleging that he was denied effective assistance of counsel in that his attorney misrepresented to him the effect of his guilty pleas upon his immigrant status. In *Correa,* our court stated that "[i]f the defendant's pleas were made in reasonable reliance upon the advice or representation of his attorney, which advice or representation demonstrated incompetence, then it can be said that the defendant's pleas were not voluntary; that is, there was not a knowing and intelligent waiver of the fundamental rights which a plea of guilty entails." 108 Ill. 2d at 549, 485 N.E.2d at 310.

Therefore, here, if defendant relied on erroneous advice and representations of counsel in making his decision to enter into the negotiated plea, then his plea of guilty was not intelligently and knowingly made and therefore was not voluntary. (See *Correa,* 108 Ill. 2d at 553, 485 N.E.2d at 312.) Thus, an evidentiary hearing would have been appropriate to determine whether defendant's plea should be set aside as involuntary due to his reliance on counsel's misstatements.

However, defendant made it abundantly clear that he did not wish to have his guilty plea vacated. Not only did he instruct his post-conviction counsel to withdraw his motions to vacate his plea, defendant also repeatedly stated that he did not want his guilty plea withdrawn.

Thus, there was no necessity for an evidentiary hearing to determine whether defendant's plea should be withdrawn. In fact, the record reflects that defendant specifically waived his right to an evidentiary hearing on this matter, where, although trial counsel Mudge was apparently available to testify, defendant stated, through post-conviction counsel, that "he doesn't think it's needed in light of what he's asking for here." We are therefore disinclined to say that the circuit court erred in dismissing defendant's petition without an evidentiary hearing, where defendant voluntarily waived the opportunity to have such a hearing conducted.

■ Defendant's petition also alleged that his trial counsel was ineffective for operating under a conflict of interest and for failing to investigate his codefendant's criminal history. However, we need not consider whether these claims merited an evidentiary hearing where the remedy for any constitutional violation they present, a withdrawal of his guilty plea, was repudiated by defendant. Defendant cannot claim error from the denial of access to a remedy that he knowingly abandoned.

■ At the hearing, defendant asserted that the only relief he was interested in receiving was a reduction in sentence based upon an alleged disparity between the terms of imprisonment imposed upon him and his codefendant, Felita Palmer. While disparity of sentence is cognizable under the Act, one who seeks relief through such proceedings must allege facts, which, if proven, indicate that his constitutional rights were violated in that regard. (*People v. Adams* (1987), 164 Ill. App. 3d 742, 745, 518 N.E.2d 266, 268.) "The mere disparity of sentences does not, in and of itself, require attention by a reviewing court." 164 Ill. App. 3d at 745, 518 N.E.2d at 268; see also *People v. Logan* (1976), 39 Ill. App. 3d 656, 657-58, 350 N.E.2d 40, 41, *cert. denied* (1977), 430 U.S. 956, 51 L. Ed. 2d 807, 97 S. Ct. 1603 (trial court's imposition of sentence upon defendant without considering sentences received by codefendants or with disparity between codefendants does not constitute substantial constitutional error within meaning of the Post-Conviction Hearing Act).

Although defendant's petition alleged that the difference in sentences between him and his codefendant "is so grave that a misjus-

tice of law has occurred, thus violating [*sic*] defendant of his constitutional rights," the affidavits and evidence of record do not indicate a disparity in sentencing of constitutional dimension. Indeed, defendant has not challenged this determination on appeal herein nor by the filing of a direct appeal from the court's denial of his motion to reduce sentence. Therefore, the circuit court did not err in dismissing defendant's petition without an evidentiary hearing.

Defendant next asserts that he received ineffective assistance of post-conviction counsel because his appointed counsel, Ms. Robbins, failed to: amend his *pro se* petition; file a certificate of compliance pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)); or adequately consult with him regarding his allegations. We do not agree.

■ Supreme Court Rule 651(c) mandates that the record in a post-conviction proceeding contain a showing that the petitioner's attorney consulted with him, examined the record of the trial proceedings and made any amendments to the *pro se* petition necessary for adequate presentation of the petitioner's contentions. This requirement can be met by a certificate of compliance or can be established from the record itself. *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50, 55; see also *People v. Drew* (1976), 36 Ill. App. 3d 807, 809, 345 N.E.2d 45, 47.

■ The record in the case at bar reveals that defendant's post-conviction counsel had reviewed the record of proceedings and was familiar with the case apart from the contentions of defendant's *pro se* petition. Counsel brought to the trial court's attention defendant's motion to reduce sentence, which the court had overlooked upon its own examination of the file.

Next, defendant contends that the record does not show consultation between counsel and defendant. However, according to Rule 651(c), the purpose of consultation is to determine what claims petitioner would make so that counsel can present them in proper legal form. (134 Ill. 2d R. 651(c).) Here, counsel took particular care to insure that she was accurately presenting defendant's position to the court by asking defendant whether she was stating it correctly. We agree with the State that counsel's comments should not be viewed as an indication of ill-preparedness or a lack of consultation, but rather as evidence of her desire to sufficiently raise all the issues defendant wanted. In fact, defendant stated his agreement with counsel's presentation of his claims at several times during the

hearing, and he made it clear that he was only interested in receiving relief based on his allegation of sentence disparity.

Further, failure to amend a *pro se* petition does not establish ineffective representation unless there is a showing that the petition could have been amended to state a case upon which relief could be granted. (*People v. Alexander* (1990), 197 Ill. App. 3d 571, 573, 554 N.E.2d 1078, 1079.) We have found that the sentence disparity issue did not merit an evidentiary hearing, and defendant has not shown how his petition could have been successfully amended to achieve the relief he requested. (See *Alexander*, 197 Ill. App. 3d at 573, 554 N.E.2d at 1079.) We therefore hold that counsel substantially complied with the requirements of Rule 651(c) and that defendant did not receive inadequate assistance on his post-conviction petition.

■ Finally, defendant contends that he is entitled to credit for the original day spent in custody in this matter and argues that counsel's failure to raise this issue in post-conviction proceedings constitutes ineffective assistance. A sentencing credit issue of this type is not appropriately considered in an appeal from the dismissal of a post-conviction petition which did not raise the issue, but instead should be raised by filing a motion to amend mittimus in the trial court. However, "in the interests of an orderly administration of justice" (see *People v. Scott* (1969), 43 Ill. 2d 135, 143, 251 N.E.2d 190, 194), we will treat defendant's request as a motion to amend mittimus and consider it because an amended mittimus may be issued at any time. *People v. Miles* (1983), 117 Ill. App. 3d 257, 259, 453 N.E.2d 68, 70.

Examination of the record herein reveals that although defendant was initially taken into custody on February 19, 1990, the mittimus reflects credit for time served in custody since February 20, 1990. We therefore remand this cause to the circuit court of Madison County for issuance of an amended mittimus reflecting credit for time served in custody since February 19, 1990.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed, and this cause is remanded to the circuit court for issuance of an amended mittimus.

Affirmed and remanded with directions.

WELCH and LEWIS, JJ., concur.