No. 3-04-0442
_____

_____

filed June 20, 2006
APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006
_____

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court for the 9th Judicial Circuit, Knox County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | 00–CF–462 |
| STEWART E. ANDREWS, III, | ) ) | |
| Defendant -Appellant. | ) ) ) | Honorable Stephen G. Evans Judge, Presiding. |

_____

_____

JUSTICE McDADE delivered the opinion of the court:
_____

_____

Defendant was convicted of aggravated battery, a Class 3 felony. 720 ILCS 5/12-4 (b) (6), (e) (West 2000). Defendant appealed his conviction and we affirmed. Defendant then filed a motion for postconviction relief which was subsequently denied by the trial court. Now, on appeal from the denial of his postconviction petition, defendant for the first time, argues he is entitled to a sentence credit. For the following reasons, we modify the trial court's sentencing order to give the defendant credit for his presentence custody on November 5, 2000.

BACKGROUND

On October 15, 2000, defendant was arrested for aggravated battery. He remained in

custody until he was released on 24-hour furlough 17 days later, on October 31, 2000. When he failed to return from the furlough, a warrant was issued for his arrest. Although the presentence investigation says that defendant was arrested on November 6, 2000, a notation on the warrant itself shows that he was taken into custody on November 5, 2000. Thereafter, he remained in custody until he was sentenced to incarceration in another case on February 8, 2001, a period of 96 days. As a result, defendant served 113 days before he was sentenced.

Following a jury trial, defendant was convicted of aggravated battery and sentenced to an extended term of eight years' imprisonment to be served consecutively to a five-year sentence previously imposed for a forgery. However, due to a clerical error in the presentence investigation, defendant was only given a presentence credit of 112 days. Defendant subsequently appealed his conviction.

On direct appeal, defendant made two arguments: (1) that his extended term violated the extended-term statute (730 ILCS 5/5-8-2 (West 2000)) and the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); and (2) the discretionary consecutive sentencing statute (730 ILCS 5/5-8-4 (b) (West 2000)) is unconstitutional under *Apprendi*. We rejected both of these arguments and affirmed the trial court in an unpublished order. *People v. Andrews*, No. 3-01-0417 (April 23, 2002) (unpublished order under Supreme Court Rule 23).

Defendant subsequently filed a *pro se* postconviction petition. Counsel was appointed and filed an amended petition for postconviction relief on April 24, 2004. The amended petition asserted that appellate counsel was ineffective: (1) by not arguing on appeal that the trial court erred in denying defendant's motion to dismiss for violation of his right to a speedy trial, and (2) by not arguing on appeal that the trial court erred in rejecting the admission of certain evidence.

2

Neither petition made reference to the sentencing credit error. Subsequently, on June 11, 2004, the trial court heard legal argument and denied defendant's postconviction petition. Notice was filed and this appeal followed.

ANALYSIS

Defendant appeals raising the sole issue that he should be credited with one additional day of sentence credit because he was in custody before he was convicted for 113 days, but was only credited for 112 days. The State contends that defendant waived this issue because he failed to raise it in his postconviction petition. Because a defendant's right to credit for all time served is a matter of law, our review is *de novo*.

The Illinois Supreme Court recently held that a defendant may not raise an issue for the first time on appeal from the dismissal of a postconviction petition if the petition failed to include that particular argument. *People v. Jones*, 211 Ill. 2d 140, 148, 809 N.E.2d 1233, 1239 (2004) (*Jones I*). In *Jones*, the defendant filed a *pro se* postconviction challenging her trial counsel's effectiveness. After the defendant's petition was summarily dismissed, the defendant appealed, raising two constitutional issues that were not included in her postconviction petition. Specifically, defendant sought to add issues of double jeopardy and ineffective assistance. Upon review, the appellate court held that the defendant could not raise new issues on appeal from the dismissal of the petition, citing section 122-3 of the Illinois Post-Conviction Hearing Act (Act), which states "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2000). The supreme court affirmed, stating:

" 'The question raised in an appeal from an order dismissing a

postconviction petition is whether the allegations in the petition, liberally

construed and taken as true, are sufficient to invoke relief under the Act.'

(Emphasis [omitted].) Thus, any issues to be reviewed must be presented in

the petition filed in the circuit court. * * * [A petitioner] may not raise an

issue for the first time while the matter is on review." *Jones I*, 211 Ill. 2d at

148, 809 N.E.2d at 1239.

This position was even more recently reiterated in *People v. Jones*, 213 Ill. 2d 498, 821

N.E.2d 1093 (2004) (*Jones II)* . In the second *Jones* case, the court emphasized that the

"appellate court is not free, as [the Illinois Supreme Court] is under its supervisory authority, to

excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of

a defendant to include issues in his or her postconviction petition." *Jones*, 213 Ill. 2d at 508, 821

N.E.2d at 1099.

Here, defendant failed to raise his claim for sentence credit in both his *pro se*

postconviction petition and his amended petition for post conviction relief. However, the

purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in

the original conviction and sentence that were not, nor could they have been, adjudicated

previously upon direct appeal. *People v. Peeples*, 205 Ill. 2d 480, 510, 793 N.E.2d 641, 660

(2002). Defendant's newly raised issue of sentence credit involves a right created by statute and,

thus, not subject to scrutiny under the Post-Conviction Hearing Act. Moreover, under the Act,

only substantial constitutional challenges are to be deemed waived. 725 ILCS 5/122-3 (West

2000).

Unlike the defendants in *Jones I* and *Jones II*, who were attempting to raise new

4

constitutional challenges, the defendant here is merely attempting to assert a different and purely statutory right to full credit for his presentence incarceration. The statute governing credit for presentence incarceration states that the offender shall be given credit against his prison sentence for time spent in custody as a result of the offense for which the sentence was imposed. 730 ILCS 5/5-8-7(b) (West 2000). We have held that it is mandatory under section 5-8-7(b) that a trial court give credit to a defendant for his presentence incarceration. *People v. White*, 357 Ill. App. 3d 1070, 1073, 831 N.E.2d 657, 660 (2005). Moreover, we have the authority under Illinois Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)), to modify the trial court's order to correct what amounts to a clerical error to give the defendant credit for all his presentence custody. *White*, 357 Ill. App. 3d at 1075-76, 831 N.E.2d at 662.

Our holding in *White* is in accord with the Fifth District's holding in *People v. Wren*, 223 Ill. App. 3d 722, 731, 585 N.E.2d 1216, 1222 (1992). There, the appellate court granted a defendant's claim for a sentence credit that was raised for the first time on appeal from dismissal of a postconviction petition. *Wren*, 223 Ill. App. 3d at 731, 585 N.E.2d at 1222. Specifically, the court stated, "[a] sentence credit issue of this type is not appropriately considered in an appeal from the dismissal of a post-conviction petition which did not raise the issue, but instead should be raised by filing a motion to amend mittimus in the trial court. However, 'in the interests of an orderly administration of justice' [citation] we will treat defendant's request as a motion to amend mittimus and consider it because an amended mittimus may be issued at any time." *Wren*, 223 Ill. App. 3d at 731, 585 N.E.2d at 1222.

In the instant case, defendant was only credited for 112 days when he was actually in custody before he was convicted for 113 days. The State does not contest this fact. Instead, the

State merely argues that defendant has waived this issue. However, we do not read *Jones II* to be applicable to the case at bar due to the fact we are not faced with the waiver of a "substantial constitutional issue" as required by the Act. Furthermore, under the rationale announced in *White* and *Wren*, we have authority to amend the mittimus here on appeal. Therefore, we hold as a matter of law that defendant is entitled to one day of additional credit against his sentence.

CONCLUSION

For the reasons set out above, we do not believe the clerical error asserted by defendant falls within the purview of the postconviction statute (725 ILCS 5/122-1 *et seq.* (West 2000)) or is governed by the supreme court's decisions in *People v. Jones*, 211 Ill. 2d 140, 809 N.E.2d 1233, and *People v. Jones*, 213 Ill. 2d 498, 821 N.E.2d 1093. Under Supreme Court Rule 615(b)(1), we modify the trial court's sentencing order to give the defendant credit for his presentence custody on November 5, 2000. 134 Ill. 2d R. 615(b)(1). We also order the Department of Corrections to recalculate the defendant's release date consistently with this opinion. 134 Ill. 2d R. 615(b)(1). We note the Fourth District's holding in *People v. Reed*, 335 Ill. App. 3d 1038, 1039-40, 782 N.E.2d 955, 956-57 (2003), which found the issue of a sentence credit did not involve a substantial deprivation of a constitutional right, and therefore, deemed the issue waived where it was first raised on appeal from the dismissal of a postconviction petition. However, we find that the better-reasoned and more judicially efficient procedures follow the logic announced in *White* and *Wre*n.

Sentencing order modified.

O'BRIEN, J., concurring.

SCHMIDT, P.J., dissenting.

6

PRESIDING JUSTICE SCHMIDT, dissenting:

I respectfully dissent.  The supreme court has made it abundantly clear that the appellate court does not have the power on an appeal from a denial of a postconviction petition to address issues not raised in the postconviction petition.  *People v. Jones*, 213 Ill. 2d 498, 821 N.E.2d 1093 (2004).  The supreme court specifically rejected the notion that the appellate court can, on the basis of fundamental fairness, address an issue not contained in a dismissed postconviction petition and yet raised for the first time on appeal.  *Jones*, 213 Ill. 2d at 507, 821 N.E.2d at 1098.  If we cannot address these issues on the basis of fundamental fairness, we cannot address them for the sake of "judicial efficiency."

The majority opinion suggests that Supreme Court Rule 615 is a grant of supervisory authority to the appellate court.  It is not.  We do not have the authority to correct every mistake.  Implicit in Rule 615 is the fact that any issue decided by the appellate court is properly before it.

The majority cites *People v. Wren*, 223 Ill. App. 3d 722, 585 N.E.2d 1216 (1992), for the proposition that we have authority to address the sentencing credit issue here on appeal from a dismissal of a postconviction petition.  I believe that *Wren* was

7

wrongly decided in light of the admonitions the supreme court issued in *Jones*. *Wren* quotes *People v. Scott*, 43 Ill. 2d 135, 143, 251 N.E.2d 190, 194 (1969), for the proposition that "'in the interest of an orderly administration of justice'" an appellate court can address a sentencing credit issue on denial of a postconviction petition, notwithstanding the fact that the sentencing credit issue was never raised in the postconviction petition. *People v. Wren*, 223 Ill. App. 3d at 731, 535 N.E.2d at 1222. I believe that *Jones* makes it clear that *Wren*'s reliance on *People v. Scott* was misplaced. It seems clear from reading *Scott* that the supreme court relied on its supervisory authority to address an issue not properly before the court because "we feel that in the interests of an orderly administration of justice, the claim is properly considered on this appeal rather than to put the defendant and the State to the expense and delay of the exercise of a different remedy." *Scott*, 43 Ill. 2d at 143, 251 N.E.2d at 194.

Because I believe we lack the authority to correct this error, I would affirm.