# Illinois Official Reports

## Appellate Court

---

### *People v. Johnson*, 2015 IL App (3d) 140364

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRACY EUGENE JOHNSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-14-0364 |
| Filed | December 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 13-CF-591; the Hon. Walter D. Braud, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>John L. McGehee, State's Attorney, of Rock Island (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion.<br>Justices Holdridge and Lytton concurred in the judgment and opinion. |

¶ 1        Defendant, Tracy Eugene Johnson, appeals from his burglary conviction, 30-year prison sentence, and judgment that ordered defendant to the "pay the costs of prosecution herein." On appeal, defendant argues that the matter should be remanded with directions for the trial court to review and correct the recorded judgment for "costs" and enter the correct amount of all financial charges in a written order supported by statutory authority. We vacate the order for the "costs of prosecution" and remand with directions.

¶ 2                                              FACTS

¶ 3        Defendant was charged by information with burglary (720 ILCS 5/19-1(a) (West 2012)). The charging instrument alleged that defendant committed the offense on June 21, 2013. The case proceeded to a jury trial, and at the conclusion of the trial, the jury found defendant guilty.

¶ 4        On March 28, 2014, the court sentenced defendant to 30 years' imprisonment. The court awarded defendant credit for time spent in presentence custody from June 26, 2013, to March 28, 2014, a total of 276 days. The written judgment also ordered defendant to "pay the costs of prosecution herein."

¶ 5        On April 9, 2014, the circuit clerk entered the judgment for costs in the amount of $409.02. On April 17, 2014, defendant filed a motion to reconsider his sentence which did not challenge the judgment of $409.02. On April 25, 2014, after the court denied defendant's motion to reconsider his sentence, defendant filed a notice of appeal.

¶ 6        A payment status information sheet, dated July 16, 2014, is included in the record on appeal. The payment status sheet contains the following information:

| "Clerk | 100.00 |
| State's Atty | 50.00 |
| Sheriff | 67.02 |
| Court | 50.00 |
| Automation | 15.00 |
| Violent Crime | 20.00 |
| Judicial Security | 25.00 |
| Document Storage | 15.00 |
| Medical Costs | 10.00 |
| Youth Diversion | 5.00 |
| Clerk Op Deduction | 0.25 |
| Drug Court | 4.75 |
| Clerk Op Add-Ons | 10.00 |
| State Police Svcs | 10.00 |
| State Police Ops | 15.00 |
| SA Automation Fee | 2.00 |
| Probation Ops Fee | 10.00 |
| Total | 409.02." |

¶ 7

¶ 8    The only issue raised on appeal involves a challenge to the monetary component of defendant's sentence. Defendant asks this court to enter a summary order remanding the matter with direction for the trial court to order any mandated statutory fines and for the circuit clerk to disclose and name any of those additional costs imposed by the clerk. Defendant also asks this court to direct the trial court to award the $5-per-day presentence incarceration credit for eligible fines. 725 ILCS 5/110-14 (West 2014).

¶ 9    The State opposes a summary remand, in part, because "defendant was ordered to pay costs" and "there is no indication that any fines were ordered." Contrary to the State's conclusory assertion, the July 16, 2014, payment status information sheet contained in this record refutes the State's argument. The payment sheet clearly reveals the following fines were included in the judgment total of $409.02: $50 court system fund fine (55 ILCS 5/5-1101(c) (West 2012); *People v. Ackerman*, 2014 IL App (3d) 120585, ¶ 30 (holding the court systems fund assessment is a fine)); $20 Violent Crimes Victims Assistance Fund fine[1] (725 ILCS 240/10(b)(1) (West 2012); *People v. Higgins*, 2014 IL App (2d) 120888, ¶ 29 (finding that the clear language of the statute classifies the Violent Crimes Victims Assistance Fund assessment as a mandatory fine)); $10 medical costs fine (730 ILCS 125/17 (West 2012); *People v. Jernigan*, 2014 IL App (4th) 130524, ¶ 38 (holding that the $10 "Medical Costs" assessment imposed pursuant to section 17 of the County Jail Act is a fine)); $5 youth diversion fine (55 ILCS 5/5-1101(e) (West 2012); *People v. Graves*, 235 Ill. 2d 244, 251-54 (2009) (finding that the youth diversion assessment was a fine despite its statutory label as a fee)); and $5 drug court fine (55 ILCS 5/5-1101(f) (West 2012); *People v. Warren*, 2014 IL App (4th) 120721, ¶ 131 (holding the $5 drug court assessment, despite its statutory label as a "fee," was a fine because defendant never participated in drug court and, therefore, the fee did not reimburse the State for the costs of prosecuting defendant)).

¶ 10    The above listed fines may only be imposed by an order of the trial court. *Warren*, 2014 IL App (4th) 120721, ¶ 82 (the imposition of fines is a judicial act). The clerk of the court is a nonjudicial member of the court, and it has no power to levy fines. *People v. Shaw*, 386 Ill. App. 3d 704, 710 (2008). A fine imposed by the circuit clerk is void. *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56. To date, with reference to monetary sentencing errors, our supreme court has held that "[a] challenge to an alleged void order is not subject to forfeiture" and may be raised for the first time in a reviewing court. *People v. Marshall*, 242 Ill. 2d 285, 302 (2011).

¶ 11    We recognize that correctly calculating the financial component of a felony sentence has become a very complex process, in part, because the various fines and costs are codified in several different acts. See *People v. Williams*, 2013 IL App (4th) 120313, ¶ 25 (observing the complexity of the fines and fees created by the legislature and providing a reference sheet to the citation and monetary amount of several fines). In *Williams*, our respected colleagues from the Fourth District Appellate Court included an appendix with their opinion for the purpose of guiding the circuit courts, circuit clerks, prosecutors, and defense attorneys in that district. *Id.* ¶ 25. Similarly, in this case, we follow the precedent established in *Williams* and attach our

---

[1]Because defendant's offense was committed in 2013, the Violent Crime Victims Assistance Fund fine should be $100.

own appendix[2] concerning fines and costs for the purpose of providing guidance to the trial courts in the Third District struggling with the same financial sentencing issues.

¶ 12    In conclusion, we vacate the monetary assessments imposed by the clerk in the amount of $409.02. We remand the matter to the trial court to review and correct the monetary component of defendant's sentence and allow the $5-per-day presentence incarceration credit towards the eligible fines.

¶ 13                                      CONCLUSION

¶ 14    The judgment of the circuit court of Rock Island County is vacated and remanded with directions.

¶ 15    Vacated and remanded with directions.

---

[2]The appendix in this case is limited to felony dispositions, other than serious traffic offenses, and differs from the broader approach of the Fourth District's appendix in *Williams*. In addition, the appendix attached to this opinion contains updated statutory authority, recent case law, and other useful information which has developed since *Williams* was published in 2013.

## Appendix—Mandatory "Add-On" Fines
**(for felonies excluding serious traffic offenses)**

| Fines Eligible for $5 Per Diem Credit<br>Assessed based on date of offense | | | | |
|---|---|---|---|---|
| **1.** **Discretionary Felony Fine** | 730 ILCS 5/5-4.5-50(b) | Eff. 7/1/09 | Cannot exceed $25,000 (or amount specified in statute). | $ Varies* |
| **2.** **Offense Specific Mandatory Minimum Fine** | | | As required by statute when applicable | $ Varies* |
| **3.** **Expungement Juvenile Records Fine** | 730 ILCS 5/5-9-1.17(a) | Eff. 1/1/10 | Shall be added to every criminal sentence and remitted as follows:<br>$10 to State Police Services Fund,<br>$10 to State's Attorney's Office, and<br>$10 to Circuit Court Clerk Op. Fund.<br>**Fine**- *People v. Smith*, 2013 IL App (2d) 120691, ¶ 16; *People v Larue*, 2014 IL App (4th) 120595, ¶ 56 | $30.00* |
| ◊**4.** **Violation of Order of Protection Fine** | 730 ILCS 5/5-9-1.16(a) | Eff. 1/1/09 | | $200.00* |
| **5.** **Drug-Street Value Fine** | 730 ILCS 5/5-9-1.1(a)<br>730 ILCS 5/5-9-1.1-5(a) | Eff. 1/1/82 | Determined by Judge based on evidence.<br>**Fine**- *People v. Lewis*, 234 Ill. 2d 32, 44-45 (2009)<br>**Fine-** *People v. Bell*, 2012 IL App (5th) 100276, ¶ 42 | $ Varies* |
| **6.** **Drug-CJIA Projects Fund (Drug Task Force Fund)** | 730 ILCS 5/5-9-1.1(e)<br>730 ILCS 5/5-9-1.1-5(c) | Eff. 9/11/05 | **Fine**- *People v. Williams*, 2014 IL App (3rd) 120240, ¶ 14 | $25.00* |
| **7.** **Drug-Prescription Pill/Drug Disposal Fund** | 730 ILCS 5/5-9-1.1(f)<br>730 ILCS 5/5-9-1.1-5(d) | Eff. 1/1/12 | 1/1/12-12/31/15 $20; After 12/31/15 $40<br>**Fine**- *People v. Williams*, 2014 IL App (3rd) 120240, ¶ 14 | $ Varies* |
| **8.** **Drug Trauma Center Fund** | 730 ILCS 5/5-9-1.1(b)<br>705 ILCS 105/27.6(c) | Eff. 7/18/96 | **Fine**- *People v. Jones*, 223 Ill. 2d 569, 593 (2006)<br>Applies to Cannabis, C/S, and Meth | $100.00* |
| **9.** **Drug Assessment Fine** | 720 ILCS 550/10.3(a)<br>720 ILCS 570/411.2(a) | Eff. 1/1/92 | **Fine**- *People v. Jones*, 223 Ill. 2d 569, 588 (2006)<br>One assessment per case<br>highest assessment to be applied<br><br>Class X<br>Class 1<br>Class 2 | <br><br><br><br>$3,000.00*<br>$2,000.00*<br>$1,000.00* |

(* Denotes $5 Eligible Fines, ◊ Denotes No Cases to Date)

| | | | | | |
|---|---|---|---|---|---|
| | | | | Class 3 or 4 | $500.00* |
| ◊10. | **Drug- Contr. Subst. Manufacture Emergency Response Fine** | 720 ILCS 570/411.4(b) | Eff. 1/1/12 | Emergency response = collecting evidence or securing a site where controlled substances were manufactured – per statute "fine" | $750.00* First Offense $1,000.00* Second Offense |
| ◊11. | **Drug- Meth. Manu. Emerg. Response Fine** | 720 ILCS 646/90(c) | Eff. 1/1/12 | Emergency response = collecting evidence or securing a site where meth was manufactured – per statute "fine" | $2,500.00* |
| ◊12. | **Drug-Meth Law Enforcement Fine** | 730 ILCS 5/5-9-1.1-5(b) | Eff. 1/1/06 | Meth cases only. | $100.00* |
| ◊13. | **Gang Member Fine** | 730 ILCS 5/5-9-1.19 | Eff. 7/13/10 | | $100.00* |
| ◊14. | **Parole Fine** | 730 ILCS 5/5-9-1.20 | Eff. 8/5/11 | | $25.00* |
| 15. | **Domestic Violence Fine** | 730 ILCS 5/5-9-1.5 | Eff. 1/1/05 | **Fine-** *People v. Pohl*, 2012 IL App (2d) 100629, ¶ 13 | $200.00* |

**Local Fines**- Eff. Date-date of County Board Resolution
*People v. Graves*, 235 Ill. 2d 234, 252-55 (2009): Legislature conferred authority for County Boards to approve certain "fines" for criminal sentences.

| | | | | |
|---|---|---|---|---|
| 16. | **Court System Fine** | 55 ILCS 5/5-1101(c) | **Fine-** *People v. Smith*, 2013 IL App (2d) 120691, ¶¶ 17-21*; People v. Ackerman*, 2014 IL App (3d) 120585, ¶30; *People v. Larue*, 2014 IL App (4th) 120595, ¶70 | $50.00* |
| 17. | **Specialty Court Fund** | 55 ILCS 5/5-1101(d-5) | "On a judgment of guilty or grant of supervision." Funds Mental Health, Drug, and Veteran's Court. **Fine-** *People v. Graves*, 235 Ill. 2d 244, 255 (2009) | $10.00* |
| 18. | **Peer Court Fund** | 55 ILCS 5/5-1101(e) | Where Youth Diversion/Peer Court exists. **Fine-** *People v. Graves*, 235 Ill. 2d 244, 255 (2009) | $5.00* |
| 19. | **Drug Court Fund** | 55 ILCS 5/5-1101(f) | Where Drug Court exists **Fine-** *People v. Williams*, 2011 IL App (1st) 091667-B, ¶19; *People v. Warren*, 2014 IL App (4th) 120721, ¶129 | $5.00* |

(* Denotes $5 Eligible Fines, ◊ Denotes No Cases to Date)

| | | | | | |
|---|---|---|---|---|---|
| **20.** | **Children's Advocacy Center Fund** | 55 ILCS 5/5-1101(f-5) | | Where Child Advocacy Center exists. as set by County Board -$5-$30 **Fine**- *People v. Jones*, 397 Ill. App. 3d 651, 664 (1st Dist. 2009); *People v. Cameron*, 2012 IL App (3d) 110020, ¶ 42 | $ amt. per county board * |
| ◊**21.** | **CASA Fund** | 55 ILCS 5/5-1101(f-10) | | $10-$30 as set by County Board | $ amt. per county board * |
| ◊**22.** | **Judicial Facility Fund** | 55 ILCS 5/5-1101.3 | | Will and Kane Counties only | $25.00* |

---

### "Add-On" Fines NOT Eligible for $5 Per Diem Credit

| | | | | | |
|---|---|---|---|---|---|
| **23.** | **Medical Costs Fine** | 730 ILCS 125/17 | Eff. 8/14/96 | **Fine**- *People v. Larue*, 2014 IL App (4th) 120595, ¶ 57 | $10.00 |
| ◊**24.** | **Domestic Battery Fine** | 730 ILCS 5/5-9-1.6 | Eff. 1/1/92 | | $10.00 |
| ◊**25.** | **Violation of Order of Protection Fine-**Family Member | 730 ILCS 5/5-9-1.11(a) | Eff. 1/1/98 | Assessed if the protected person is a family member | $20.00 |
| ◊**26.** | **UUW Trauma Center Fund** | 730 ILCS 5/5-9-1.10 | Eff. 7/18/96 | Unlawful use of weapon convictions only. | $100.00 |
| **27.** | **Sexual Offense Fine** | 730 ILCS 5/5-9-1.7(b)(1) | Eff. 1/1/05 | Sex and pornography offenses only. **Fine**- *People v. Smith*, 2014 IL App (4th) 121118, ¶¶75-77 | $200.00 |
| **28.** | **Sex Offender Investigation Fund Fine** | 730 ILCS 5/5-9-1.15 | Eff. 6/1/08 | Sex and pornography offenses only. **Fine**- *People v. Dalton*, 406 Ill. App. 3d 158, 164 (2d Dist. 2010); *People v. Smith*, 2014 IL App (4th) 121118, ¶81 | $500.00 |
| ◊**29.** | **Child Porn. Fine** | 730 ILCS 5/5-9-1.14 | Eff. 1/1/08 | Child pornography offenses only. | $500.00 |
| ◊**30.** | **Arson Fine** | 730 ILCS 5/5-9-1.12(a) | Eff. 7/10/03 | Arson offenses only. | $500.00 |
| **31.** | **Drug Spinal Cord Injury** | 730 ILCS 5/5-9-1.1(c) | Eff. 1/1/02 | Applies to Cannabis, Meth, Controlled Subs. **Fine**- *People v. Jones*, 223 Ill. 2d 569, 599 (2006) | $5.00 |

(* Denotes $5 Eligible Fines, ◊ Denotes No Cases to Date)

| | | | | |
|---|---|---|---|---|
| **32.** | **Violent Crime Victim Assist.** | 725 ILCS 240/ 10(b) | Every felony conviction & not only violent offenses. Crimes before 7/16/12, $4/40 of total eligible fines, crimes after 7/16/12, $100 <br>**Fine-** *People v. Higgins*, 2014 IL App (2d) 120888, ¶ 29; <br>*People v. Dillard*, 2014 IL App (3d) 121020, ¶ 11; <br>*People v. Warren*, 2014 IL App (4th) 120721, ¶¶ 133-137 | $100.00 or $_____ |
| **33.** | **Criminal Surcharge** | 730 ILCS 5/5-9-1(c) | Crimes before 8/12/15 $10/ 40 of total eligible fines; Crimes after 8/12/15 $15/40 of total eligible fines. <br>**Fine-** *People v. Jones*, 223 Ill. 2d 560, 582-87 (2006) | $ Varies |
| **34.** | **State's Attorney's Costs** | 55 ILCS 5/4-2002 <br>55 ILCS 5/4-2002.1 <br>*(See Also #44)* | Added to every count <br>**Downstate**: $30 + $2 SA Auto Cost; <br>**Cook**: $60 + $2 SA Auto Cost; <br>**Cost-** *People v. Bradford*, 2014 IL App (4th) 130288, ¶ 41; *People v. Dalton*, 406 Ill. App. 3d 158, 164 (2nd Dist. 2010) | $ Varies |
| **35.** | **Public Defender Auto. Cost** | 55 ILCS 5/3-4012 | Cook County Only <br>**Cost-** *People v. Bowen*, 2015 IL App (1st) 132046, ¶ 64 | $2.00 |

## Costs NOT Subject to $5 Per Diem Credit–use date of sentencing

| | | | | | | |
|---|---|---|---|---|---|---|
| **36.** | **Bond Cost** | 725 ILCS 5/110-7(f) | **Downstate**: 10% of Bond Posted <br>**Cook**: Not more than $100 <br>**Cost-** *People v. Lange*, 102 Ill. 2d 225, 228-29 (1984) | | | $ Varies |
| **37.** | **Clerk Filing Cost** (based on size of county) | | **Cost-** *People v. Pohl*, 2012 IL App (2d) 100629, ¶¶ 7-9 <br>**Cost-** *People v. Larue*, 2014 IL App (4th) 120595, ¶ 66 | | | |
| | | 705 ILCS 105/27.1a(w) | | | 180,000- 500,000 | CF= $40-$100 |
| | | 705 ILCS 105/27.2(w) | | | 500,000-3,000,000 | CF= $80-$125 |
| | | 705 ILCS 105/27.2a(w) | | | 3,000,000+ | CF= $125-$190 |
| **38.** | **Drug Crime Lab Anal. Cost** | 730 ILCS 5/5-9-1.4(b) | *Caution:* **Cost-** *People v. White*, 333 Ill. App. 3d 777 (2d Dist. 2002); **Fine-** *People v. Williams*, 2013 IL App (4th) 120313 | | | $100.00 |
| ◊**39.** | **Sheriff Costs-** Extradition | 725 ILCS 5/124A-5 | Upon conviction for costs of serving arrest warrant and extradition from other state or county. | | | $ Actual Cost |
| ◊**40.** | **Sheriff Costs-** | 55 ILCS 5/4-5001 | Costs to bring offender from jail to court. $10 per court appearance. | | | $10.00/ Ct App. |

(* Denotes $5 Eligible Fines, ◊ Denotes No Cases to Date)

| | | | | | |
|---|---|---|---|---|---|
| ◊41. | **Court Security (Services) Cost** | 55 ILCS 5/5-1103 | | One Cost per felony complaint. $1-$25, as set by county board resolution. *Caution See **People v. Graves**, 235 Ill. 2d 244, 252-55 (2009)*: Legislature has conferred authority upon County Boards to approve fines to be imposed as part of criminal sentences | $ Varies per County Board Resolution |
| 42. | **Clerk Automation Cost** | 705 ILCS 105/27.3a(1) | . | One Cost per felony complaint. $1-$25, as set by county board resolution. **Cost-** *People v. Martino*, 2012 IL App (2d) 101244, ¶ 30; *Caution See **People v. Graves**, 235 Ill. 2d 244, 252-55 (2009):* Legislature has conferred authority upon County Boards to approve fines to be imposed as part of criminal sentences | $ Varies per County Board Resolution |
| 43. | **Clerk Document Storage Cost** | 705 ILCS 105/27.3c(a) | | One Cost per felony complaint. $1-$25, as set by county board resolution. $1-$25. **Cost-** *People v. Tolliver*, 363 Ill. App. 3d 94, 97 (1st Dist. 2008). **Cost-** *People v. Martino*, 2012 IL App (2d) 101244, ¶ 30 **Cost-** *People v. Larue*, 2014 IL App (4th) 120595, ¶ 62 | $ Varies per County Board Resolution |
| 44. | **State's Attorney's Costs** | 55 ILCS 5/4-2002 55 ILCS 5/4-2002.1 *(See Also #34)* | | **Downstate**: $10 Prelim. Hrg. Cost; $25/ day of trial **Cook:** $20 Prelim. Hrg. Cost; $50/ day of trial **Cost-** *People v. Dalton*, 406 Ill. App. 3d 158, 164 (2nd Dist. 2010) | $ Varies |
| 45. | **DNA Analysis Cost** | 730 ILCS 5/5-4-3(j) | | Does not apply if defendant has been ordered to pay DNA Cost in a prior case. **Cost-** *People v. Johnson*, 2011 IL 111817, ¶ 28 | $250.00 |

## CAUTION: Amounts authorized by Clerks Act without reference in Crim. Code or Code of Corrections-

| | | | | | |
|---|---|---|---|---|---|
| 46. | **State Police Ops. Assistance Fund** | 705 ILCS 105/27.3a(1.5) | | Applies only where County has Clerk Automation Cost Amount Varies ($0-$15) **Fine-** *People v. Moore*, 2014 IL App (1st) 112592-B, ¶ 46 **Fine-** *People v. Wynn*, 2013 IL App (2d) 120575, ¶ 13 **Fine-** *People v Larue*, 2014 IL App (4th) 120595, ¶ 56 | $ Varies based on amount of automation fund* |
| 47. | **Probation Ops. Fund** | 705 ILCS 105/27.3a(1.1) | | *Fine or Cost? Caution People v. Rogers*, 2014 IL App 4th 121088, ¶ 39 | $10.00 * |
| ◊48. | **Arson Burn Victim Relief** | 705 ILCS 105/27.6(p) | Eff. 1/1/16 | Arson offenses only. Remitted to George Bailey Memorial Fund. | $250.00 |
| ◊49. | **State Police Merit Board Safety Fund** | 705 ILCS 105/27.6(n) | Eff. 1/1/13 | Any person convicted of a "violation of the Criminal Code". | $15.00 |

(* Denotes $5 Eligible Fines, ◊ Denotes No Cases to Date)