# Illinois Official Reports

## Appellate Court

*People v. Truesdell*, 2017 IL App (3d) 150383

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH A. TRUESDELL, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0383 |
| Filed | August 9, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Iroquois County, No. 12-CF-44; the Hon. Gordon L. Lustfeldt, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part.<br>Remanded with instructions. |
| Counsel on Appeal | Michael J. Pelletier and Sonthonax B. SaintGermain, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>James A. Devine, State's Attorney, of Watseka (Patrick Delfino, Lawrence M. Bauer, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices Carter and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendant, Keith A. Truesdell, appeals from the first-stage dismissal of his *pro se* postconviction petition. He argues that the imposition of certain fines and the calculation of sentence credit attendant to his underlying conviction were erroneous.

¶ 2                                                  FACTS

¶ 3    The State charged the defendant with five counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2006)) and one count of criminal sexual assault (720 ILCS 5/12-13(a)(4) (West 2006)). At a subsequent speedy trial hearing, it was established that the defendant was arrested in Kankakee County on the evening of April 2, 2012, and then transported to Iroquois County on April 3, 2012. In rejecting the defendant's speedy trial argument, the circuit court commented: "[W]hen he was arrested in Kankakee County he's not in our jail, he is not in our control and so *** you got 2 different things going on. You got sentence credit. I will agree that he would get sentence credit from the day he was arrested in Kankakee."

¶ 4    After a bench trial, the court found the defendant guilty on all counts. The court sentenced the defendant to terms of six years' imprisonment on each count of predatory sexual assault of a child and four years' imprisonment for criminal sexual assault, with all sentences running consecutively. The court further stated: "Judgment will be had on that sentence. Judgment for costs and for the Violent Crime Victims Assistance Act. *** There's a sexual assault fine of $200, which will also be imposed." In the written sentencing order, the court wrote that the defendant would receive sentence credit from April 3, 2012. The written order made no reference to the monetary assessments orally imposed by the court.

¶ 5    A document titled "Payment Status Information" appears on the record. That document shows $507 in total monetary assessment levied against the defendant. Those assessments include, *inter alia*, $100 for "Violent Crime," $10 for "Medical Costs," $5 for "Youth Diversion," $15 for "State Police Ops," and $50 for "Court."

¶ 6    On direct appeal, this court affirmed the defendant's convictions and sentences. See *People v. Truesdell*, 2014 IL App (3d) 120834-U. In that appeal, the defendant did not raise any issue regarding any monetary assessments or his sentence credit.

¶ 7    On April 23, 2015, the defendant filed a *pro se* postconviction petition in which he raised a number of constitutional claims, including a renewed argument that his right to a speedy trial had been violated. Again, the defendant did not raise any argument related to monetary assessments or sentence credit. The circuit court dismissed the defendant's petition as frivolous and patently without merit. The court also issued an extensive written order, addressing each of the defendant's *pro se* arguments. In its analysis of the speedy trial claim, the court again noted that the defendant had been arrested on April 2, 2012.

¶ 8                                                ANALYSIS

¶ 9    On appeal, the defendant does not challenge the circuit court's dismissal of his postconviction petition. Instead, the defendant argues that certain fines should be vacated, as they were improperly imposed by the circuit clerk. He also argues that he is entitled to one additional day of sentence credit. The defendant maintains that each of these issues is presently

appealable, despite not having been included in his postconviction petition.

¶ 10                                                    I. Fines

¶ 11        The imposition of a fine is a judicial act. *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56. Accordingly, "the circuit clerk has no authority to levy fines, any fines imposed by the circuit clerk are void from their inception." *Id.*; see also *People v. Wade*, 2016 IL App (3d) 150417, ¶ 12 ("The fines in this case were void, not because they failed to conform with statutory requirements, but because they were imposed not by the trial court, but by the circuit clerk."). A voidness challenge may be made at any time in any court, either directly or collaterally. See *People v. Thompson*, 209 Ill. 2d 19, 25 (2004).

¶ 12        The State concedes that $80 of the assessments shown on the payment status information sheet were illegally imposed by the clerk, and thus void from their inception. The $50 court system assessment, $10 arrestee's medical assessment, $15 State Police Operations Assistance Fund assessment, and $5 youth diversion (or peer court fund) assessment are each fines, which may only be imposed by the circuit court. *People v. Johnson*, 2015 IL App (3d) 140364 (appendix). Accordingly, we accept the State's confession of error and vacate those fines.

¶ 13        The parties disagree over the proper result with respect to a single remaining assessment, the Violent Crimes Victims Assistance Fund fine (VCVA fine). While the court orally imposed that fine, it did not include the fine in the ensuing written order, nor did it clarify the precise amount of the fine. The defendant contends that the fine was thus actually imposed by the clerk, and is therefore void. The State argues that the proper course is to vacate the fine but remand for a proper calculation, as did the court in *People v. Smith*, 2014 IL App (4th) 121118, ¶ 64.

¶ 14        In *Smith*, the circuit court orally imposed the VCVA fine, but did not specify the amount of the fine. The supplemental record in that case subsequently showed a $25 VCVA fine. The Fourth District construed that to be a fine imposed by the circuit clerk, and vacated the assessment. We disagree with that conclusion.

¶ 15        The circuit court in the present case unequivocally imposed the VCVA fine in its oral pronouncement of sentence. It is well-settled that "[i]t is the oral pronouncement of the judge which is the judgment of the court. The written order of commitment is merely evidence of the judgment of the court. [Citation.] When the oral pronouncement of the court and the written order are in conflict, the oral pronouncement of the court controls." *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993) (citing *People v. Williams*, 97 Ill. 2d 252, 310 (1983)). The court having imposed the VCVA fine, the clerk was left only with the nondiscretionary, ministerial task of filling in the correct amount. See *Koltes v. St. Charles Park District*, 293 Ill. App. 3d 171, 176 (1997) ("Ministerial acts are those that a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act.").

¶ 16        The circuit court imposed the VCVA fine at the defendant's sentencing hearing. That the circuit clerk later calculated the amount of that fine does not retroactively undo that fact. To be sure, a criminal defendant may challenge a clerk's calculation of fines or fees. *E.g.*, *People v. Warren*, 2016 IL App (4th) 120721-B, ¶¶ 100-16 (discussing the correct amounts of fees to be imposed). In such situations, however, as long as any fines have been imposed by the court, any errors in those calculations are not void. Because there is no voidness with respect to the VCVA fine in the present case, the defendant may not challenge that assessment on appeal

from the dismissal of his postconviction petition. See *People v. Jones*, 213 Ill. 2d 498, 508-09 (2004) (issues not raised in postconviction petition may not be raised for the first time on appeal).

¶ 17                                    II. Sentence Credit

¶ 18      Finally, the defendant argues that he is entitled to one extra day of sentence credit. Specifically, he points out that he was arrested on April 2, 2012, but the written sentencing order only provides sentence credit beginning on April 3, 2012. The State confesses error and agrees that the defendant should be given the extra day of credit.

¶ 19      "A defendant held in custody for any part of the day should be given credit against his sentence for that day." *People v. Smith*, 258 Ill. App. 3d 261, 267 (1994). As the defendant was arrested on April 2, 2012, he was thus entitled to credit against his sentence for that day. Moreover, our supreme court has endorsed the position that the appellate court may grant sentence credit to a defendant on an appeal from the denial of a postconviction petition, as it is a ministerial act that favors the orderly administration of justice. *People v. Caballero*, 228 Ill. 2d 79, 88 (2008). Accordingly, we accept the State's confession of error and remand the matter with instructions that the circuit court amend the defendant's mittimus to reflect the additional day of sentence credit.

¶ 20                                    CONCLUSION

¶ 21      The judgment of the circuit court of Iroquois County is affirmed in part, vacated in part, and remanded with instructions.

¶ 22      Affirmed in part and vacated in part.

¶ 23      Remanded with instructions.