2022 IL App (1st) 211237-U

FIFTH DIVISION
September 9, 2022

No. 1-21-1237

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 11891 |
| | ) | |
| DERRICK MILES, | ) | Honorable |
| | ) | Peggy Chiampas, |
| Defendant-Appellant. | ) | Judge presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Justices Mikva and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant has presented an arguable claim of ineffective assistance of counsel based on the failure to call an exculpatory witness, the trial court's order summarily dismissing defendant's postconviction petition was reversed and the cause remanded for second-stage proceedings.

¶ 2    Defendant Derrick Miles appeals from a judgment summarily dismissing his *pro se* petition for postconviction relief at the first stage of proceedings. On appeal, Miles contends his petition should have advanced to the second stage because he presented an arguable claim of ineffective assistance of counsel based on trial counsel's failure to call Germall Dortch, who would have contradicted the State's witnesses who identified Miles as the shooter during his murder trial. For

the following reasons, we reverse the summary dismissal of the postconviction petition and remand for second-stage proceedings.

¶ 3                                                                  I.

¶ 4      On May 28, 2012, a group of people gathered at 1505 South Spaulding in Chicago to celebrate Memorial Day. Among those present were Marley Collins, Tracey Scott, Scott's son, Anthony Drisdell, and Germall Dortch.[1] A man, later identified as Miles by several witnesses, was also seen pacing in the area and talking to neighbors. Later that afternoon, Scott was sitting outside in front of the residence while Drisdell was washing his fiancé's vehicle nearby. Miles approached Scott and stood behind him. When Collins left the front porch and sat next to Scott, Miles pulled out a gun and said, "I got your bitch ass." He then fired one shot at Collins and fled. Collins died as a result of the gunshot.

¶ 5      When the police arrived at the scene, they recovered a Winchester .45-caliber auto-fired cartridge case but did not find any other physical evidence. Several people who were at or near the scene each gave the police a description of the shooter. At the police station, the police showed the witnesses a physical lineup or a photo array. All three witnesses identified Miles as the shooter.

¶ 6      Based on the witness identification of Miles as the shooter, a jury found Miles guilty of first degree murder and that he personally discharged a firearm proximately causing Collins's death. The trial court denied Miles's motion for a new trial and sentenced him to 60 years in prison. On direct appeal, we affirmed his conviction. *People v. Miles*, 2020 IL App (1st) 171258.

¶ 7      Miles subsequently petitioned for postconviction relief, asserting ineffective assistance of trial counsel among other claims. On August 13, 2021, the trial court summarily dismissed Miles's

---

[1] Germall Dortch's name is spelled differently throughout the record, including "Jamal," "Jermal," and "Dorch."

petition, indicating that his claims are either rebutted by the record, barred by *res judicata*, or without legal merit. Miles filed a late notice of appeal on October 6, 2021,[2] which we allowed. Ill. S. Ct. R. 606(c) (eff. Mar. 21, 2021).

¶ 8                                     II.

¶ 9     On appeal, Miles argues that the trial court erred in summarily dismissing his postconviction petition at the first stage, because he has presented an arguable claim of ineffective assistance of trial counsel based on the failure to call Germall Dortch as witness. We review the first-stage dismissal of a postconviction petition *de novo*. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009).

¶ 10    The Post-Conviction Hearing Act provides a means by which persons under criminal sentence can assert that their convictions were the result of a substantial denial of their rights under the federal or state constitution. 725 ILCS 5/122-1 *et seq.* (West 2020). The Act outlines a three-stage procedure for a postconviction petition proceeding. *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 31. At the first stage, the circuit court independently reviews the postconviction petition and determines whether the petition "is frivolous or is patently without merit." 725 ILCS 5/122-1.1; *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A petition is considered frivolous or patently without merit only if it has no arguable basis either in law or in fact. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). The petition need only set forth the "gist" of a constitutional claim, which requires only a "limited amount of detail." *Edwards*, 197 Ill. 2d at 244.

_____

[2] Miles appeals the dismissal of only one of the claims in his petition: the ineffective assistance of trial counsel claim.

¶ 11                                                    A. Forfeiture

¶ 12    As an initial matter, the State argues that Miles's claim of ineffective assistance of trial counsel is forfeited because he did not raise it on direct appeal. In Illinois, defendants must generally raise ineffective assistance of counsel claims if apparent on record or risk forfeiting them. *People v. Veach*, 2017 IL 120649, ¶¶ 46-47. The State contends that Miles's claim was apparent on the record on direct appeal, which showed that the defense investigated Dortch and exchanged discovery materials pertaining to Dortch.

¶ 13    Although the record on direct appeal contained references to Dortch, the record did not include any statement from Dortch. With regard to calling Dortch as a witness, the record only contained the following exchange between the trial court and counsel:

> "[THE COURT]: *** You are Mr. Dortch. He's a witness here in this case. ***
> You've been subpoenaed here, and the defense indicated that they intended on calling him.
>
> And Counsel, you still wish to call him today?
>
> [DEFENSE COUNSEL]: We are not going to be calling him in our case, Judge.
>
> THE COURT: State?
>
> [STATE'S ATTORNEY]: Judge, we're not calling him.
>
> [THE COURT]: You're free to go."

This exchange shows only that trial counsel decided not to call Dortch and reveals nothing about the reason for the decision.

¶ 14    Where the record is silent as to counsel's strategy, we do not second guess her strategy, and the claim is then better suited to a collateral proceeding where there is an opportunity to develop a factual record on that claim. *People v. Peterson*, 2017 IL 120331, ¶ 81; *People v. Talbert*,

2018 IL App (1st) 160157, ¶ 53. Accordingly, at this stage, we cannot determine one way or the other if Miles's ineffective assistance of counsel claim could have been brought on direct appeal. This claim is reserved for second-stage proceedings.

¶ 15                     B. Ineffective Assistance of Counsel Claim

¶ 16    Next, Miles contends that the trial court erred in summarily dismissing his petition where he presented an arguable claim of ineffective assistance of counsel. A postconviction petition alleging ineffective assistance of counsel may not be dismissed at the first stage of the proceedings if "(1) counsel's performance arguably fell below an objective standard of reasonableness; and (2) the petitioner was arguably prejudiced as a result." *People v. Brown*, 236 Ill. 2d 175, 185 (2010); see also *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶ 17    Miles's postconviction petition alleged that trial counsel rendered deficient performance in failing to call Dortch at trial, despite knowing that Dortch would have provided exculpatory testimony on the misidentification of Miles as the shooter. Dortch stated in his affidavit attached to the petition that he was living at 1505 Spaulding on May 28, 2012, and "saw a guy get shot and killed." He averred to "standing on the porch the day it happen [*sic*]" and said that Miles was not the shooter whom he saw. This testimony, Miles argues, would have supported his defense.

¶ 18    Trial counsel may be considered ineffective for failing to present exculpatory evidence of which she is aware, "including failure to call witnesses whose testimony would support an otherwise uncorroborated defense." *People v. Upshaw*, 2017 IL App (1st) 151405, ¶ 39. Decisions of whether to present a witness are generally viewed as a matter of trial strategy, and Miles's trial counsel may have had strategic reasons for not calling Dortch. See *People v. West*, 187 Ill. 2d 418,

432 (1999). However, we do not consider arguments concerning trial strategy when reviewing postconviction petitions at the first stage. *People v. Tate*, 2012 IL 112214, ¶ 22.

¶ 19    Miles also argues that Dortch's testimony would not have been cumulative. "[E]vidence that goes to the ultimate issue in the case" is not considered cumulative. *People v. Coats*, 2021 IL App (1st) 181731, ¶ 34. Where no physical evidence tied Miles to the shooting, the ultimate issue in the case was the identification of the shooter. Dortch's affidavit, which we must consider as true at this stage, supports the defense theory that the person who shot Collins was not Miles. His testimony in this regard would contradict testimony from the State's witnesses, all of whom had identified Miles as the shooter. Further, Dortch's testimony is not entirely redundant and cumulative of Tajuana West's testimony. West, the only defense witness, testified that she did not see the shooting itself but saw, from across the street, Collins falling to the ground and a man running from the scene. Dortch's testimony comes from a different perspective. He stated that he was standing on the porch and saw Collins get shot. Although West and Dortch reached the same conclusion—that is, Miles was not the shooter—the content of their testimony supporting that conclusion would not be identical. Thus, trial counsel's performance was arguably deficient when she failed to call Dortch as a trial witness.[3]

¶ 20    The failure to call Dortch also arguably prejudiced Miles. The testimony from the State's witnesses during trial contained several inconsistencies. For example, when describing the shooter to the police at the scene, Janique Miller said that the shooter was wearing khaki shorts, but Drisdell recalled that he was wearing dark blue jeans. The witnesses also disagreed on which

_____

[3] The State also asserts that Miles did not set forth an arguable claim as to trial counsel's deficient performance because she was "a zealous advocate for defendant at every stage of the proceedings." This would not be a relevant inquiry at this stage where all allegations not positively rebutted by the record are taken as true.

direction the shooter fled after the shooting: Miller testified that he ran east, and Drisdell said that he ran west. In addition, Scott and Drisdell testified that the shooter was "really close" to and "right over" Collins when he shot Collins, but the postmortem examination showed no evidence of close-range firing. Miller and Scott testified that they had lied during the investigation and retracted their prior statements that they did not see the shooter. Drisdell was impeached for his felony conviction in 2004 for state benefits fraud.

¶ 21    The defense also had an imperfect case. Its only witness, West, testified that the police handcuffed her and put her in a police car when she attempted to speak to them about what she had witnessed. The police officers who were at the scene rebutted that testimony, testifying that they neither spoke to West nor saw a handcuffed woman in a police car.

¶ 22    Against this backdrop, Dortch's testimony could have undermined the State's case and buttressed the defense's theory by corroborating West's testimony. Accordingly, trial counsel's failure to call Dortch at trial arguably prejudiced Miles, and we conclude that Miles's postconviction petition, liberally construed, states at least an arguable claim of ineffective assistance of trial counsel.

¶ 23                    C. Sufficiency of Affidavits and Allegations

¶ 24    The State contends that the affidavits attached to the petition fail to provide a sufficient factual basis to show that the allegations in the petition are "capable of objective or independent corroboration." See *People v. Allen*, 2015 IL 113135, ¶ 24. In his affidavit, Miles averred that he and trial counsel "had a discussion about Germal[l] Dortch" and that they "didn't know [e]xactly what Germal[l] Dortch would have testify [*sic*] to." The State argues that this affidavit refutes his claim that trial counsel was aware of Dortch's exculpatory testimony. The State also points to an

allegation in the petition that there was no statement given to the police or to the court regarding Miles's innocence.[4] However, in his affidavit, Miles further states that the defense theory was to prove that he was not the shooter, that he and trial counsel knew Dortch was at the scene, and that they agreed to have him testify. This logically suggests that even if trial counsel might not have known *exactly* what Dortch would say when called to the stand, she arguably knew that his testimony would be potentially exculpatory, identifying someone other than Miles as the shooter. The record further supports the claim that trial counsel knew of Dortch's testimony, as the State itself has cited to the record for several references to the discovery exchanges concerning Dortch.

¶ 25    As to Dortch's affidavit, the State contends that it is insufficient because Dortch does not explicitly aver that he would have testified to that information at trial. An affidavit must accompany evidence supporting a postconviction petition, identifying "with reasonable certainty the source, character, and *availability* of the alleged evidence." (Emphasis added.) *People v. Johnson*, 183 Ill. 2d 176, 190 (1998).

¶ 26    For support, the State relies on *People v. Jones*, 399 Ill. App. 3d 341 (2010), and *People v. Brown*, 371 Ill. App. 3d 972 (2007), *overruled on other grounds*, *People v. Young*, 2018 IL 122598. While both *Brown* and *Jones* involved a similar question of an affidavit's sufficiency, both cases are plainly distinguishable. The affidavit at issue in *Brown* was from a codefendant who was tried simultaneously in a severed trial. *Brown*, 371 Ill. App. 3d at 982. The codefendant did not affirmatively aver in the affidavit that he would have testified to the contents of his affidavit at the defendant's trial. *Id.* The court in *Brown* observed that the codefendant did not indicate that he

---

[4] This allegation is included under "Claim 2" of the petition. On this appeal, Miles argues that the trial court erred in dismissing "Claim 1" only, and he has abandoned the remaining claims of the petition.

would have waived his right against self-incrimination and found his affidavit insufficient. *Id.* Likewise, the affidavit in *Jones* was also from a codefendant who did not affirmatively aver that he would have actually testified to the facts stated in the affidavit. *Jones*, 399 Ill. App. 3d at 366. Without such an express statement, we reasoned in both cases that the availability of the alleged evidence was not identified with reasonable certainty. *Jones*, 399 Ill. App. 3d at 371; *Brown*, 371 Ill. App. 3d at 982.

¶ 27    Here, in contrast, Dortch, is not a codefendant in the case who may invoke his right against self-incrimination. Dortch was a witness subpoenaed to testify at trial if called, irrespective of his willingness. Nonetheless, Dortch expressly states in his affidavit that he was prepared to testify at Miles's trial, reasonably indicating the availability of his testimony. He further avers that he voluntarily reached out to Miles to provide the affidavit, suggesting his present willingness to testify for Miles. Accordingly, the affidavits attached to Miles's petition sufficiently provide a factual basis for the allegations in the petition to survive dismissal at the first stage.

¶ 28    Next, the State argues that Miles's allegations regarding Dortch's potential testimony are rebutted by Scott' and Drisdell's testimony. Scott testified that around 5 p.m., before the shooting, his son and Collins were on the porch. Scott's son went in the house, and Collins left the porch and sat by Scott. Similarly, Drisdell testified that Dortch was in the hallway of the building at that time. Martell Laura, who was also present at the scene, stated to the defense investigator that Dortch "was on house arrest in the basement at the time of the shooting." Based on these statements, the State argues that no one, including Dortch, was on the porch when Collins was shot.

¶ 29    However, Scott's testimony that he saw his son and Collins on the porch and that they both left the porch at some point before the shooting falls short of establishing that there was no one on the porch at the moment of the shooting. Drisdell's testimony also merely confirms that Dortch was inside the building just before the shooting. Neither affirmatively stated that Dortch was not on the porch. More troubling is the statement from Laura, which is not part of the trial record. His statement that no one was around the scene but himself, Collins, and Joseph Vaughan conflicts with both Scott's and Drisdell's testimony. In sum, the record does not positively rebut the allegations in Miles's petition, and those allegations must be taken as true at this stage. *People v. Robinson*, 2020 IL 123849, ¶ 45.[5]

¶ 30                                  III.

¶ 31    The judgment of the circuit court of Cook County is reversed, and the case is remanded for second-stage proceedings.

¶ 32    Reversed and remanded.

---

[5]  Miles requests that the case be assigned to a different judge on remand. There is no support for such a request here. The trial judge made a detailed, written ruling that disposed of 11 claims, only one which Miles has appealed.